**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID PAILLE,

        Petitioner,

v.                                          Case Number: 08-CV-11875

LLOYD RAPELJE,

        Respondent.
                                  /

**OPINION AND ORDER GRANTING PETITIONER'S**
**MOTION FOR A STAY OF PROCEEDINGS AND**
**ADMINISTRATIVELY CLOSING CASE**

Pending before the court is a "Motion for Order for Stay and Abeyance of Petition for Writ of Habeas Corpus," filed on September 8, 2008 by Petitioner David Paille. For the reasons stated below the court will grant Petitioner's motion for a stay of the proceedings.

**I. BACKGROUND**

Petitioner David Paille, a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court on May 2, 2008. (Petr.'s Br. at 1.) Petitioner pleaded guilty to manslaughter, Mich. Comp. L § 750.321, and felony firearm, Mich. Comp. L § 750.227B-A, in a Wayne County, Michigan, Circuit Court. He was sentenced to (1) nine-to-fifteen-years imprisonment for the manslaughter conviction, and (2) the mandatory two-years imprisonment for the felony-firearm conviction. In his pleadings, Petitioner claims that his plea was made involuntarily, that he is factually

innocent, and, among things, that his counsel was ineffective.

On May 14, 2008, the court ordered Respondent to file a response to the petition by November 13, 2008. (5/14/08 Order.) The court also ordered Respondent to file the necessary Rule 5 materials.

Presently, Petitioner requests the court to stay his proceedings because the Wayne County Circuit Court has yet to rule on his motion to compel, filed September 10, 2007. The motion asks for documents that allegedly contain statements made by a jail-house informant that would prove Petitioner's actual innocence. Petitioner maintains that he will either receive the requested documents or appeal the Wayne County Circuit Court's decision to the Michigan Court of Appeals. For the reasons below, the court will grant Petitioner's request and will stay the proceedings.

## II. DISCUSSION

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal-habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state-court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before the Petitioner can present those claims to this court.

2

Otherwise, the court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on a petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Furthermore, a federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* at 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

In this case, Petitioner has shown the need for a stay. Petitioner's claims are not plainly without merit, and Petitioner is not engaging in intentionally dilatory tactics. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied relief on Petitioner's direct appeal on January 29, 2007. Petitioner then had ninety days (90) in which to seek a writ of certiorari with the United States Supreme Court, which he did not. *See* Rule 13(1), Supreme Court Rules. Petitioner's convictions became time-barred under the statute of limitations on or about April 30, 2007, ninety days (90) after the Michigan Supreme Court denied leave to appeal. Petitioner then had until April 30, 2008 – one

year – in which to file his federal habeas petition or seek additional state-court review. Petitioner did not seek collateral review of his claims with the state courts. Rather, Petitioner filed a petition for a writ of habeas corpus with this court, which he signed on April 29, 2008, and, which was filed with the court on May 2, 2008.

Given these circumstances, the court finds that a stay of this matter is warranted. The court finds that Petitioner has demonstrated diligence in pursuing his appellate review with the state courts, and, if this court does not stay the matter, then Petitioner could be precluded from pursuing his habeas rights with this court because Petitioner has only one day remaining in the limitations period.

Accordingly, the court finds it appropriate to stay this case. The court concludes that it has discretion to stay this case pending the Wayne County Circuit Court's decision in Petitioner's request for certain documents and Petitioner's decision whether to proceed or appeal that decision, and the court will use its discretion to issue a stay in this case. *See Rhine*, 544 U.S. at 277. The court also finds that in granting Petitioner's request, Petitioner must subsequently ask this court to lift the stay within sixty (60) days of exhausting any and all state-court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III.  CONCLUSION

Based upon the foregoing, the motion for a stay of the proceedings [Dkt. # 7] is GRANTED.  The case shall be stayed, provided that Petitioner returns to this court to file a motion to lift the stay within sixty (60) days of exhausting state-court remedies.

To avoid administrative difficulties, the court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.


                    s/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2008, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522